*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN CARROLL,

        Plaintiff-Appellee,

v

MARSHALL RAY OLGER,

        Defendant-Appellant.

UNPUBLISHED
February 04, 2026
9:57 AM

No. 374088
Iosco Circuit Court
LC No. 2023-003550-DO

Before: ACKERMAN, P.J., and BORRELLO and LETICA, JJ.

ACKERMAN, P.J. (*dissenting*).

I respectfully dissent. We lack jurisdiction over this claim of appeal because the attorney fee award at issue is merely a form of compensatory damages imposed as part of a civil-contempt order. Such an order is not a final order under *In re Moroun*, 295 Mich App 312; 814 NW2d 319 (2012). See also *Alpena Co Bd of Co Rd Comm'rs v Tadajewski*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 374166); slip op at 4 ("An order of civil contempt is . . . 'reviewable only on application for leave to appeal' under MCL 600.308(2)(c).").

Acting under MCR 7.203(F)(1), this Court previously administratively dismissed all issues in this appeal except the attorney fee award, reasoning that this portion of the order qualifies as a "final order" under MCR 7.202(6)(a)(iv), which includes a "postjudgment order awarding or denying attorney fees and costs under court rule or other law." See *Carroll v Olger*, unpublished order of the Court of Appeals, entered January 17, 2025 (Docket No. 374088). But as this Court explained in *Tadajewski*, an attorney fee award imposed as part of a compensatory civil-contempt order is not a freestanding postjudgment award of attorney fees; it is part of the contempt sanction itself. Because a compensatory civil-contempt order is not appealable by right, neither is one of its constituent parts. Accordingly, we lack jurisdiction, and the remainder of this appeal should be dismissed.

/s/ Matthew S. Ackerman

-1-